# SUPREME COURT.

## [ No. 9. ]

DAVID S. MILLS, respondent, agt. JOHN B. THURSBY and others, executors, &c., appellants.

In an action for a *dissolution of a co-partnership*, and an account, referred to three referees, (since the amended Code of July 10, 1851, requiring referees to "*state the facts found, and the conclusions of law, separately ;*") and an account taken and judgment had on referees' report for plaintiff, and an appeal taken by defendants to the general term, and judgment affirmed; and appeal taken by defendants to the court of appeals;

*Held,* that on the application of the appellant, this court, at general term, will settle a case containing the facts found by them on the hearing of the appeal, to be inserted in the record, to be certified to the court of appeals.

*New-York General Term,* June 19, 1855.

*Before* MITCHELL, COWLES and CLERKE, Justices.

JUDGMENT having been entered in this action on the report of the referees, made since the amendments of the Code of July 10, 1851, the defendant appealed to the general term, and the judgment was modified as to costs, and permission given to the appellants to apply at special term for leave to have certain matters referred to the referees for rehearing. This decision is reported *ante, page* 116.

From this judgment of the general term, the defendants appealed to the court of appeals. The appeal having been perfected, the appellants applied to the court of appeals for an

order that the cause be remanded to the supreme court, to settle a case comprising the facts found by them in rendering the judgment appealed from, and obtained an order that they be at liberty to move the supreme court for such relief as to that court should seem proper, notwithstanding the appeal.

Motion was now made that a case be settled by this court, comprising the facts, and not the evidence of the facts, found by the court at general term, at the hearing upon which the judgments was given.

N. DANE ELLINGWOOD, *for the motion,* said,

*First.* The court of appeals will not review the evidence of facts, but require that the facts themselves should be set forth, or that a case in the nature of a special verdict be made and settled by the court. (*Easterly* agt. *Cole,* 3 *Comstock R., p.* 504.)

*Second.* On an appeal from an order made at the general term of this court, a case should be made of all the facts found by that court from the evidence before them. In the present case, the court, at general term, reviewed all the testimony taken before the referees, but whether they found the same facts from such evidence as were found by the referees, cannot appear, unless a case be prepared or settled showing the facts so found by them.

*Third.* It does not follow, because a report of referees has been affirmed by the court, at general term, that therefore the court found the same facts from the evidence as had been found by the referees. The court may have arrived at different conclusions of fact from a review of the testimony, and, nevertheless, affirmed the report.

*Fourth.* The order made in this cause at general term, from which an appeal has been brought to the court of appeals, cannot there be reviewed, except in regard to conclusions of law, upon the facts as found by this court from the testimony produced before them on the hearing of such general term.

ALBERT MATHEWS, *for the respondents*, said,

*First.* The court of appeals " *require* " nothing. They will not review a finding of *fact.* The case of *Easterly* agt. *Cole* (3 *Comstock Reports*,) was before the Code, (as amended,) and arose under the practice before the Code was adopted. The cases there cited show the propriety of this procedure formerly. It is useless, now. Under the old practice, the referees made a general report. They found no facts. A statement of facts found by the court was necessary, to show upon what facts the judgment of the court was rendered. The appellate court could only review the finding of a court, and they would not inquire what was found by the referees. But under the Code, referees hear and decide as a court, and their determinations of fact and law are part of the record, and are reviewable in like manner. (*Code*, §§ 272, 278, 281 ; *see cases cited in* 3 *Comstock R.*, *pp.* 504, 505 ; *see Morgan* agt. *Bruce*, 1 *Co. R.*, *N. S.*, *p.* 364 ; *Church* agt. *Erben*, 4 *Sand. R.* 691.)

*Second.* There is the same necessity, in every motion to set aside the verdict of a jury, that the court, at general term, should make a case of the facts found by that court from the evidence before them. The defendants' argument, at the general term, was that the referees had found against the weight of evidence, and so far as the determination of this court was adverse, it was final, and the court of appeals will not review it. (*Morgan* agt. *Bruce*, 1 *Co. R.*, *N. S.*, 364.)

*Third.* It might happen that the members of this court, at general term, did not agree either with the referees or with each other upon any one question of fact; and yet, each separately found facts enough to sustain the referees' report. How, then, could they settle a case ? If they had found materially different from the referees, they would have granted a new trial. If this motion were granted, we should have the anomaly of two separate findings of facts, made part of the same record,—a thing unheard of. But it is immaterial whether this court, at general term, found the same facts as the referees; for

the court of appeals will not review either. (*Newtown* agt. *Harris*, 1 *Co. R.*, *N. S.*, 414; *Borst* agt. *Spelman*, 4 *Comst.* 284; *Morris* agt. *Husson*, 4 *Seld. R.* 405.)

*Fourth.* If the appeal is taken from the "*order*" refusing a new trial, *as such*, and not from the *judgment* of affirmance made by this court at general term, then there can be no review in the court of appeals. If the appeal is taken from the judgment, the court of appeals can determine whether, by the referees, any testimony was improperly admitted or excluded, (to which the defendant took exception;) and also, whether the referees improperly found any conclusion of law upon the facts found by them. This court sat at general term in this cause as an appellate court, and the judgment entered on the report of the referees, so far as affected by their reversal or affirmance, or modification of the judgment, is alone open to review in the court of appeals. This motion is calculated to ensnare this court, sitting at general term, into making itself a tribunal of facts to hear and find original determinations of fact, so as to give the defeated party another and additional chance, in the court of appeals, of reversal of the judgment entered upon the referees' report. (*See Code*, § 11.)

The COURT gave no written opinion; but ordered "that the appellants, within 20 days, submit to the respondent such statement of facts as, in their opinion, the general term actually found on the hearing of the appeal, and the respondent prepare and serve amendments thereto; and if the amendments are not agreed to, the same shall be settled by one of the justices of this court.